Andrew L. Smith (SBN 262418)
*Andrew.Smith@jacksonlewis.com*
Serena A. Limas (SBN 358945)
*Serena.Limas@jacksonlewis.com*
JACKSON LEWIS, P.C.
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Tel:   (213) 689-0404
Fax:  (213) 689-0430

Attorneys for Defendant
LEGENDS HOSPITALITY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephanie Fuller, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>Legends Hospitality, LLC,<br>Does 1 through 10, inclusive,<br><br>                    Defendants. | **CASE NO.: 2:26-cv-4028**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) DIVERSITY**<br><br>(Filed concurrently with Declaration of Andrew L. Smith; Civil Case Cover Sheet; Notice of Interested Parties; Corporate Disclosure Statement) |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**:

1.    PLEASE TAKE NOTICE that Defendant LEGENDS HOSPITALITY, LLC ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1441(b) and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles.

2.    On November 19, 2025, Plaintiff STEPHANIE FULLER ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles entitled *Stephanie Fuller vs. Legends Hospitality, LLC*, Case No. 25STCV33924 ("Complaint") which sets forth the following seven causes of

action:  (1) disability discrimination; (2) FEHA Retaliation; (3) failure to accommodate; (4) failure to prevent discrimination and Retaliation; (5) retaliation in violation of Cal. Gov't Code § 12945.2 (CFRA); (6) retaliation in violation of Cal. Lab. Code § 1102.5; and (7) wrongful termination. (Declaration of Andrew L. Smith ("Smith Decl."), ¶ 1.)

3.    Defendant first received Plaintiff's Summons and Complaint and related court documents on November 25, 2025.  (Smith Decl., ¶ 1, Exhibit ("Ex."). A.)

4.    On January 14, 2026, Defendant filed and served its Answer in the Los Angeles County Superior Court.  (Smith Decl., ¶ 2, Ex. B.)

5.    On March 18, 2026, Plaintiff confirmed with Defendant that Plaintiff's claimed damages exceed $75,000. (Smith Decl., ¶ 3, Ex. C.)

6.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

7.    Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is the judicial district of this Court in which the action arose, where Plaintiff resides and where the causes of action arose.

## DIVERSITY JURISDICTION

8.    Defendant properly may remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a) or 28 U.S.C § 1332(d)(2), because:

a.    Defendant is informed and believes that Plaintiff was, at the time of filing of the Complaint, and still is, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).

b.    A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

c.    Defendant is and was at the time of the institution of this civil action, and at all times intervening, a limited liability company under the laws of the State of Delaware.  Defendant's principal place of business is in the State of New York.  (Smith Decl., ¶ 4, Ex. D.) The state of New York is where Defendant's primary executive, administrative, financial, and management functions are conducted and where the high-level officers direct, control, and coordinate the company's activities.  (Smith Decl., ¶ 4); *The Hertz Corporation v. Friend* (2010) 130 S. Ct. 1181, 1192.  Applying the "nerve center" test, New York is thus the state where Defendant's primary executive, administrative, financial, and management functions are conducted and where the high-level officers direct, control, and coordinate the company's activities—i.e., the principal place of business of Defendant (Smith Decl., ¶ 4.)  Defendant has one member – Legends Hospitality Holding Company, LLC which is a Delaware corporation and has its principal place of business in New York. (Smith Decl., ¶ 4.) Defendant is therefore a citizen of Delaware and New York.

d.    The presence of Doe defendants has no bearing on the diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded."); and

e.    Accordingly, all named Defendants join in the removal of this action to Federal Court.

## **AMOUNT IN CONTROVERSY**

9.    Although the Complaint does not specify the dollar amount of damages being sought, Defendant has a reasonable good faith belief that Plaintiff seeks damages in excess of $75,000 and the jurisdictional requirements of this Court for the following reasons:

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

(1)    The Parties have stipulated that Plaintiff's damages exceed $75,000; (Smith Decl., ¶ 3, Ex. C.)

(2)    Plaintiff seeks general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available; (Smith Decl., ¶ 1, Ex. A, Prayer for Relief.)

(3)    Plaintiff seeks special damages, according to proof on each cause of action for which such damages are available; (*Id.*)

(4)    Plaintiff seeks compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available; (*Id.*)

(5)    Plaintiff seeks punitive damages, according to proof on each cause of action for which such damages are available; (*Id.*)

(6)    Plaintiff seeks costs and attorneys' fees incurred in the prosecution of this action, pursuant to Cal. Gov't Code § 12965(c)(6); Cal. Lab. Code § 1102.5(j); and all other applicable statutes and authorities (*Id.*); and

(7)    Plaintiff seeks costs of suit incurred in this action. (*Id.*)

Plaintiff's failure to specify in her Complaint the amount of damages she seeks does not deprive this Court of jurisdiction. *See*, *e.g. White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining….to place a specific dollar value upon its claim.") Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. *See e.g., Goldberg v. CPC Int'l, Inc.* 678 F.2d 1365, 1367 (9th Cir.), *cert. denied*, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be

considered in determining whether the jurisdictional amount is met.") Nonetheless, the Parties have also stipulated that the amount in controversy exceeds $75,000.

10.    Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 860-861.

11.    In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, *citing, Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").    The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 843, n.1, *citing, Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3, 89 S.Ct. 1813, 23 L.Ed.2d 396.

12.    The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute.    *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156.    The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1035 (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

13.    Cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy.  See, *Galt G/S, supra*, 142 F.3d at 1155-56.  Furthermore, such fees are calculable beyond the time

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

of removal. *Simmons v. PCR Technology*, 209 F.Supp.2d at 1035.

14.    Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (9th Cir. 1963) 325 F.2d 785, 787; *see also Aucina v. Amoco Oil Co.* (S.D. Iowa 1994) 871 F.Supp. 332.  The potential punitive damage award against defendants such as Wastequip Manufacturing Company alone may satisfy the amount in controversy.  Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone could exceed the $75,000 jurisdictional minimum.  Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.* (7th Cir. 1996) 75 F.3d 311, 315; *Watson v. Blankinship* (10th Cir. 1994) 20 F.3d 383, 386-387.

15.    In *Aucina v. Amoco Oil Co.*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

16.    Defendant is unaware of any other defendant having been named or served with the Complaint in this action.  Accordingly, all named Defendants join in the removal of this action to Federal Court.

17.    This Notice of Removal has been filed within thirty (30) days after Defendant first discovered Plaintiff's damages exceeded $75,000. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

18.    Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because the state action was filed in this district and Defendant is subject to personal jurisdiction in the Central District of

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

California.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles to this Court.

Respectfully submitted,

DATED: April 15, 2026                    JACKSON LEWIS, P.C.

By:    */s/ Andrew L. Smith*
       Andrew L. Smith
       Serena A. Limas

       Attorneys for Defendant
       LEGENDS HOSPITALITY, LLC

4897-8090-6629, v. 2

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA