# EXHIBIT A

**Edendale Justice Advocacy, PC**
Andrew A. Howard (SBN 335752)
ahoward@edendalejustice.com
1920 Hillhurst Avenue, #400
Los Angeles, CA 90027
(310) 894-6109

Attorney for Plaintiff
Stephanie Fuller

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/19/2025 8:28 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| **Stephanie Fuller,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Legends Hospitality, LLC,**<br>**Does 1 through 10,** inclusive,<br><br>Defendants. | Case No. 25STCV33924<br><br>**Complaint:**<br><br>1. Disability Discrimination in Violation of Cal. Gov't Code § 12940(a)<br>2. FEHA Retaliation in Violation of Cal. Gov't Code §§ 12940(h), (m)(2)<br>3. Failure to Accommodate in Violation of Cal. Gov't Code § 12940(m)(1)<br>4. Failure to Prevent Discrimination and Retaliation in Violation of Cal. Gov't Code § 12940(k)<br>5. Retaliation in Violation of Cal. Gov't Code § 12945.2 (CFRA)<br>6. Retaliation in Violation of Cal. Lab. Code § 1102.5<br>7. Wrongful Termination in Violation of Public Policy<br><br>**Demand for Jury Trial** |

— 1 —

Plaintiff Stephanie Fuller ("Fuller" or "Plaintiff"), as an individual, complains and alleges the following against Legends Hospitality, LLC ("Defendant", "Legends", or "Company"), and Does 1-10 (collectively "Defendant"):

## I.   JURISDICTION AND VENUE

1.      Jurisdiction and venue are proper in this Court because all the claims alleged herein arose in California, and Defendant Legends Hospitality, LLC is doing or did business in Los Angeles County, and/or its principal place of business is in Los Angeles County, at the times relevant herein. (*See* Cal. Gov't Code § 12965(b) [stating venue is appropriate in, inter alia, any county in the state in which the unlawful practice is alleged to have been committed.])

2.      The unlawful employment practices alleged herein occurred in Los Angeles County. The amount in controversy in this matter exceeds the sum of $35,000.00, exclusive of interest and costs.

## II.   PARTIES

3.      Plaintiff Stephanie Fuller, at all relevant times herein, is an individual and a resident of Los Angeles County, California.

4.      On information and belief, Defendant Legends Hospitality, LLC is, and at all relevant times was, a limited liability company authorized to do business and doing business in the County of Los Angeles, State of California. Legends is, and at all relevant times was, an "employer" subject to the Fair Employment and Housing Act ("FEHA") as that term is defined in California Government Code § 12926(d).

5.      The true names and capacities of Does 1 through 10, inclusive, are presently unknown to Plaintiff. Plaintiff therefore sues Does 1 through 10 by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is in some manner responsible for the events and happenings herein alleged, and that Plaintiff's injuries and damages as herein alleged were legally and proximately caused by the conduct of said fictitiously named Defendants. Plaintiff will amend this Complaint to set forth the true names and capacities of Does when they are ascertained.

6.      Plaintiff is informed and believes, and thereon alleges, that each Defendant was, at all

times herein mentioned, the agent, employee, and/or representative of the remaining defendants and was acting within the course and scope of such agency, employment, or representation with the remaining Defendants. Plaintiff is further informed and believes that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein of each of the remaining Defendants.

### III. Factual Allegations

7. On August 10, 2021, Stephanie Fuller was hired by Legends Hospitality, LLC as a Bartender at SoFi Stadium in Inglewood, California. Fuller excelled in her role, providing exceptional service at high-profile sporting and concert events at the stadium.

8. On February 9, 2023, Fuller suffered a serious knee injury outside of work. The injury resulted in significant damage to her left knee that required extensive medical interventions. Fuller promptly notified her manager and staffing management of her injury on March 9, 2023.

9. Following the injury, Fuller sought medical treatment and began an extended course of rehabilitation. On April 17, 2023, Fuller officially went on disability leave as she began extensive physical therapy sessions to regain function in her knee.

10. Throughout her medical leave, Fuller maintained regular communication with Legends regarding her condition and recovery progress. Fuller submitted multiple doctor′s notes documenting her ongoing treatment and expected return timeline, which Legends acknowledged.

11. While recovering from her injury, Fuller began exploring opportunities with Legends to transition to a supervisor position. While Fuller had previously been approached by Legends management about becoming a supervisor, prior to her injury she wanted to remain bartending. However in light of her injury, became interested in becoming a supervisor.

12. On October 18, 2023, Fuller emailed her Manager, (hereinafter "Manager") expressing interest in returning to work as a supervisor. Manager responded enthusiastically, stating: "I WOULD LOOOOVE to have you on my team !! Supervisor positions are still open and I am still looking for top notch people to fill the role" and in a follow up email emphasized that Fuller's promotion "will be a quick transition because you are still [sic] Legends."

13. On February 27, 2024, Fuller′s physician issued a return-to-work note clearing her to return to work effective March 25, 2024, but noting that Fuller would need to continue using her cane.

Fuller promptly updated Manager and Legends HR on March 8, 2024.

14.    On March 8, 2024, Fuller followed up with her Manager to confirm her interest in the supervisor position. Manager responded positively, stating: "Yes there is! I would LOVE to have you on my team. I will get with HR to see what is the process moving forward to transition you."

15.    On April 1, 2024, Manager reached out to Fuller to confirm her return to work status. Fuller informed Manager that she had been released for work duties but still needed to use a cane, but that it wouldn't affect her duties as a supervisor.

16.    On April 18, 2024, Manager emailed Fuller stating that she spoke with Jillisa Easley, SoFi Stadium's Director of Human Resources, who stated that for Fuller, **"to return to work you must not need the cane. You can however be promoted when you meet this requirement."**

17.    Fuller immediately contacted Manager by phone to discuss this discriminatory directive from Easley. Manager described the troubling conversation she had with Easley — Easley expressed displeasure with Fuller's use of a cane and demanded a doctor's note, despite the fact that Fuller had already submitted a note. Manager reminded Easley that Fuller already submitted a note, but Easley balked, claiming there were "too many emails" and demanded that Manager resend it to her.

18.    After Manager finished explaining her conversation with Easley, she encouraged Fuller to apply for the supervisor position again and Fuller assured Manager that the cane would not be an issue for performing the supervisor role.

19.    On April 12, 2024, Fuller received a return-to-work training email and registered for the April 28, 2024 session. During the session, Fuller walked up and down multiple flights of stairs and around the stadium with her cane without any concern from management.

20.    On April 19, 2024, Fuller applied online for the Concessions Supervisor position and received confirmation that her application was received. After submitting the application, Fuller did not hear back from Legends and sent numerous follow up communications about the status of her application. Finally, on May 9, 2024, Fuller was told by Manager that the online job posting was "old" and Fuller had to reapply when the role was relisted. The role was relisted later that day and Fuller applied immediately — Fuller was confirmed as the first applicant and setup an interview for the

following day.

21.    On May 10, 2024, Fuller participated in a remote interview with her Manager and Director of Concessions. During the interview, the Director of Concessions stated that he would support the hiring as Fuller was an, "OG opener," knew the role and requirements, and that they were "good to go" on making Fuller a supervisor. Manager told Fuller she would reach out to HR to process the promotion and that it shouldn't take long since Fuller already attended the return-to-work training.

22.    Immediately following the successful interview, Manager emailed Fuller asking for her availability for supervisor shifts in May. Fuller provided her complete availability and eagerly awaited the promotion to be finalized. As they awaited the confirmation, Manager asked whether Fuller could return as a bartender in the meantime, but Fuller explained that due to the continued use of her cane she would need a reasonable accommodation to return to bartending.

23.    However, despite the confirmation she could become a manager, Legends failed to process Fuller's promotion. Fuller made multiple attempts to contact HR and the Staffing Department to discuss her scheduling and return to work, but did not receive confirmation of the promised promotion.

24.    On May 20, 2024, Fuller emailed Easley to follow up about her transition from bartender to supervisor. Easley responded that she was being returned to active status as a bartender — this was a complete shift from the previous representations that Fuller would become a supervisor. Fuller responded by email to clarify that she was requesting information about her transition to supervisor, not as a bartender, but Easley did not respond.

25.    On May 24, 2024, Fuller received a bizarre email stating that, despite the *multiple assurances of her promotion*, Fuller would have to return to work as a bartender. Confused, Fuller called Manager and Easley to discuss her status. During this call, Easley told Fuller she was only able to return to the bartender position and could not be promoted. When Fuller asked why she couldn't transition to a supervisor position if the position was open and she had applied and interviewed, Easley refused to answer.

26.    Troublingly, Easley then started asking Fuller what kind of cane she used. Puzzled, Fuller asked if there was a specific cane she was required to have, but Easley asserted in response that

Complaint

if Fuller "wasn't 100%" then she should return to her doctor. Fuller explained that her injury had healed and she was able to work, but that she simply required a mobility aid. Fuller then questioned why, if there were issues with her cane and return to work, no one from HR contacted her when her release note, which explicitly noted the use of a cane, was sent on March 8, 2024.

27.    However, Easley refused to answer Fuller's concerns, and instead began offensively questioning Fuller about her cane and asserting it posed a slip hazard. Fuller responded by asking where that concern was when she attended the Return-to-Work training on April 28, 2024, where Fuller walked up and down flights of stairs around the stadium with her cane and never received any notes or concerns from management before or during the event. Fuller then asked what accommodations Legends could provide for the bartending position, as with one hand on her cane she would need an accommodation if she was to return to that role. Easley stated that they would reach out to Legends Corporate on the potential accommodation, but Fuller never heard back from either of them regarding with any updates from the call.

28.    On May 29, 2024, Fuller emailed Easley and Legends HR, asking for clarification about why she was unable to apply for any other SoFi position and protesting that she was being overlooked due to her disability.

29.    With no response, Fuller followed up on June 10, 2024, after which Legends HR simply told her she could apply for new positions once she has been cleared for work. This completely ignored the fact that Fuller's already provided a doctor's note and went through the interview process. Fuller sent follow up emails to get clarity on the issue, but Legends ignored her.

30.    While Fuller was attempting to resolve the supervisor promotion issue, Legends began scheduling her for bartending shifts without her confirmation. Legends' policy usually requires employees to accept shifts to be officially scheduled, and employees who did not accept shifts were removed from the schedule. But against this practice, Fuller was automatically scheduled for soccer events on June 24 and 26, 2024, despite never confirming her availability.

31.    On June 23, 2024, Fuller sent multiple messages through the scheduling system and emails to the Staffing Department and her Manager requesting to be removed from the schedule. Fuller explained that she could not perform a standard bartending shift due to the use of her cane and

wanted to ensure she would not be marked as a "no show" since she had made her unavailability clear.

32.    On June 24, 2024, Manager responded to Fuller, stating: "You were scheduled to work and as I promised we would place you in a portable to work as a bartender to accommodate you." However, Legends never informed Fuller about any purported accommodation, reached out to engage in the interactive process, or contacted her in any way since the May 24, 2024 phone call. No one consulted Fuller about a "portable" before scheduling her less than 24 hours before the event.

33.    On June 25, 2024, Easley sent Fuller an email stating: "Jasmine informed me that you did not work because you were told by HR that you were not able to work. Please note that you were cleared by your doctor to return to work per Dr. Note. You were removed from LOA and Cleared to work by HR." This email ignored Fuller's repeated requests for reasonable accommodations, request to not be scheduled, and the ongoing failure of the interactive process.

34.    With Legends continuing to ignore her requests for fair treatment, on July 3, 2024, Fuller filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) about Legends' discriminatory and retaliatory conduct.

35.    Out of concern for her job, Fuller accepted a shift for a concert on July 6, 2024. After registering for the shift, no one from Legends contacted her about an accommodation, and Fuller arrived at the stadium with no information about how she would be accommodated to work with her cane.

36.    When Fuller arrived at the July 6, 2024 concert, she learned that there was no accommodation and she was scheduled to work as a standard bartender, despite making it clear on multiple occasions that she needed an accommodation.

37.    Fuller contacted a supervisor about the issue and waited, humiliated in silence to the side as her coworkers took their positions. After waiting in embarrassment for half an hour, Fuller was told that the "solution" was opening a location that was never intended to be open for the event.

38.    When Fuller arrived at the previously closed location, it was dirty and Fuller had to clean and prep the area. But more troublingly, there was not a proper payment services setup so Fuller was given a handheld device — an unworkable solution to someone that needed to use a cane with one hand.

— 7 —

Complaint

39.    During the event, Manager approached Fuller's station — as the two began talking, Fuller outlined the issues with the assignment, and Manager apologized for the lack of accommodation, attributing to the Company's busy schedule with other new workers in staffing. Manager reiterated that she wanted Fuller to be a supervisor, but implied Fuller had to work a shift before that could happen to prove to HR she could physically perform her job duties. Manager explained that now that Fuller worked this shift, Manager could discuss potential promotion with Easley and the Director of Concessions. During the conversation, Fuller told Manger that she had filed an EEOC claim regarding the discriminatory treatment she had received.

40.    After that event and Legends' failure to accommodate Fuller's disability, Fuller waited for Legends to reach out about her promotion or engage in the interactive process. However, no one from Legends ever got back to her.

41.    In February 2025, Legends terminated Fuller. As a result of Legends' conduct, Fuller has suffered economic damages and severe emotional distress.

42.    On November 19, 2025, Plaintiff filed a timely charge of discrimination and retaliation with the California Civil Rights Department. Plaintiff has exhausted all administrative remedies.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Disability Discrimination in Violation of Cal. Gov't Code § 12940(a)

43.    Plaintiff incorporates by reference each and every allegation contained in all of the paragraphs above as though fully set forth here.

44.    Plaintiff suffered from a physical disability, specifically left knee pes anserine bursitis, left knee osseous contusion - lateral tibial plateau (stress fracture), and left knee flexion contracture, requiring the use of a cane, which constitutes a disability that limits a major life activity, including working and walking, as defined in Cal. Gov. Code § 12926(m).

45.    Defendant knew or perceived that Plaintiff suffered from a disability or treated Plaintiff as if she suffered from a disability. Plaintiff informed Defendant of her disability on March 9, 2023, and provided multiple medical documentation updates throughout her recovery. Plaintiff requested reasonable accommodations in the form of a promotion to a supervisor position that would not be

impacted by her disability or in the alternative a bartending job with proper accommodation for her disability.

46.     Plaintiff was qualified for and performed the essential functions of the Supervisor position she sought, with or without reasonable accommodation. Plaintiff successfully interviewed for the Supervisor position on May 10, 2024, and was approved by the Director of Concessions and Manager.

47.     Defendant engaged in multiple adverse employment actions against Plaintiff, including denying her promotion to Supervisor, failing to provide a reasonable accommodation for her disability, and ultimately terminating her employment.

48.     Plaintiff's disability was a substantial motivating reason for Defendant's conduct. Defendant explicitly told Plaintiff through HR Director Jillisa Easley on April 18, 2024, that "for you to return to work you must not need the cane" and that Plaintiff could "be promoted when you meet this requirement." During the May 24, 2024 phone call, Defendant made clear that Plaintiff's use of a mobility device was the basis for denying her promotion.

49.     Plaintiff was harmed as a result of Defendant's conduct, which was a substantial factor in causing Plaintiff's harm.

50.     Cal. Gov't Code § 12940(a), declares it an unlawful employment practice for an employer to discriminate in compensation, the terms, conditions, or privileges of employment because of disability. The acts and conduct of Defendant, as described above, constitute unlawful discrimination in violation of Cal. Gov't Code § 12940(a).

51.     Economic damages. As a direct and legal result of Defendant's conduct, Plaintiff has and will suffer special damages for lost earnings and wages, in an amount not yet fully known, but in excess of the minimum amount of this Court's jurisdiction.

52.     Non-economic damages. As a direct and legal result of Defendant's conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

53.     As a direct and proximate result of Defendant's conduct, as alleged here, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit,

Complaint

pursuant to Cal. Gov't Code § 12965(c)(6) as well as other applicable statutes.

54.     Exemplary and punitive damages. Defendant, by its conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights. Defendant occupied a position of trust which gave it power to damage Plaintiff's ability to earn a livelihood. Defendant abused that position of trust by maliciously, fraudulently, and oppressively denying Plaintiff's promotion and terminating her employment based on her disability and use of a mobility device. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial. Defendant's conduct against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

Second Cause of Action

FEHA Retaliation in Violation of Cal. Gov't Code §§ 12940(h), (m)(2)

55.     Plaintiff incorporates by reference each and every allegation contained in all of the paragraphs above as though fully set forth here.

56.     Plaintiff engaged in protected activity by taking a leave of absence, requesting a reasonable accommodation for her disability, and opposing conduct she reasonably believed to be discriminatory, including questioning the denial of her promotion based on her disability and use of a cane.

57.     Defendant engaged in multiple adverse employment actions against Plaintiff, including denying her promotion to Supervisor, failing to provide a reasonable accommodation for her disability, and ultimately terminating her employment.

58.     Plaintiff's engagement in protected activity was a substantial motivating reason for Defendant's adverse actions. Plaintiff was otherwise qualified to perform the duties of her job or as a supervisor.

59.     Plaintiff was harmed as a result of Defendant's conduct, which was a substantial factor in causing Plaintiff's harm.

60.     Cal. Gov't Code §§ 12940(h) and 12940(m)(2) make it unlawful for an employer to discharge or otherwise discriminate against a person for requesting accommodation for a disability or for opposing any practices forbidden under FEHA. The acts and conduct of Defendant, as described

— 10 —

Complaint

above, constitute unlawful retaliation in violation of Cal. Gov′t Code §§ 12940(h), (m)(2).

61. Economic damages. As a direct and legal result of Defendant′s conduct, Plaintiff has and will suffer special damages for lost earnings and wages from the denied promotion and subsequent termination in an amount not yet fully known, but in excess of the minimum amount of this Court′s jurisdiction.

62. Non-economic damages. As a direct and legal result of Defendant′s conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

63. As a direct and proximate result of Defendant′s conduct, as alleged here, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney′s fees and costs of suit, pursuant to Cal. Gov′t Code § 12965(c)(6) as well as other applicable statutes.

64. Exemplary and punitive damages. Defendant, by its conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights. Defendant occupied a position of trust which gave it power to damage Plaintiff′s ability to earn a livelihood. Defendant abused that position of trust by maliciously, fraudulently, and oppressively denying Plaintiff′s promotion and terminating her employment based on her protected activity of requesting accommodations and opposing discrimination. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial. Defendant′s conduct against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

THIRD CAUSE OF ACTION

Failure to Accommodate in Violation of Cal. Gov′t Code § 12940(m)(1)

65. Plaintiff incorporates by reference each and every allegation contained in all of the paragraphs above as though fully set forth here.

66. Plaintiff has a physical disability requiring the use of a cane as a mobility device, which constitutes a known disability within the meaning of California Government Code § 12940(m)(1). Defendant knew about Plaintiff's disability through a number of communications from Plaintiff before, during, and after her leave.

— 11 —

COMPLAINT

67. Plaintiff was a qualified individual within the meaning of California Government Code § 12940(m)(1) who could perform the essential functions of a Concessions Supervisor position or bartender with a reasonable accommodation.

68. Plaintiff requested a reasonable accommodation for her disability by seeking to return to work in a supervisor position she was qualified for and requesting engagement in the interactive process to find an accommodation for the bartending role.

69. Defendant failed to provide a reasonable accommodation for Plaintiff's disability by failing to engage in the interactive process and ultimately terminating Plaintiff.

70. Plaintiff was harmed as a result of Defendant's conduct, which was a substantial factor in causing Plaintiff's harm.

71. Cal. Gov't Code § 12940(m)(1), makes it unlawful for an employer to refuse to make a reasonable accommodation for the known disability of an employee. The acts and conduct of Defendant, as described above, constitute an unlawful failure to accommodate Plaintiff's known disability in violation of Cal. Gov't Code § 12940(m)(1).

72. Economic damages. As a direct and legal result of Defendant's conduct, Plaintiff has and will suffer special damages for lost earnings and wages from the denied promotion to Supervisor and subsequent termination in an amount not yet fully known, but in excess of the minimum amount of this Court's jurisdiction.

73. Non-economic damages. As a direct and legal result of Defendant's conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

74. As a direct and proximate result of Defendant's conduct, as alleged here, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to Cal. Gov't Code § 12965(c)(6) as well as other applicable statutes.

75. Exemplary and punitive damages. Defendant, by its conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights. Defendant occupied a position of trust which gave it power to damage Plaintiff's ability to earn a livelihood. Defendant abused that

position of trust by maliciously, fraudulently, and oppressively refusing to accommodate Plaintiff's disability and denying her promotion based on her use of a mobility device. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial. Defendant's conduct against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

### Fourth Cause of Action

Failure to Prevent Discrimination and Retaliation in

Violation of Cal. Gov't Code § 12940(k)

76.    Plaintiff incorporates by reference each and every allegation contained in all of the paragraphs above as though fully set forth here.

77.    Defendant subjected Plaintiff to discrimination on the basis of her disability, as described in further detail above.

78.    Defendant subjected Plaintiff to retaliation based on her engagement in protected conduct during the course of her employment, including by requesting reasonable accommodations for her disability and applying for and being approved for the Supervisor position, as described in further detail above.

79.    Defendant failed to take all reasonable steps to prevent discrimination and retaliation from occurring. Defendant's managers and HR personnel, including HR Director Jillisa Easley, directly carried out the unlawful acts by denying Plaintiff's promotion based on her use of a mobility device, refusing to provide reasonable accommodations, and failing to engage in a good faith interactive process.

80.    Plaintiff was harmed as a result of Defendant's conduct, which was a substantial factor in causing Plaintiff's harm.

81.    Cal. Gov't Code § 12940(k) provides that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. Defendant's conduct, as described above, constitutes a failure to take all reasonable steps necessary to prevent discrimination and retaliation in violation of Cal. Gov't Code § 12940(k).

82.    Economic damages. As a direct and legal result of Defendant's conduct, Plaintiff has and will suffer special damages for lost earnings and wages from the denied promotion to Supervisor

— 13 —

and subsequent termination in an amount not yet fully known, but in excess of the minimum amount of this Court's jurisdiction.

83. Non-economic damages. As a direct and legal result of Defendant's conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

84. As a direct and proximate result of Defendant's conduct, as alleged here, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to Cal. Gov't Code § 12965(c)(6) as well as other applicable statutes.

85. Exemplary and punitive damages. Defendant, by its conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights. Defendant occupied a position of trust which gave it power to damage Plaintiff's ability to earn a livelihood. Defendant abused that position of trust by maliciously, fraudulently, and oppressively failing to prevent discrimination and retaliation against Plaintiff based on her disability and protected activity. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial. Defendant's conduct against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

FIFTH CAUSE OF ACTION

Retaliation in Violation of Cal. Gov't Code § 12945.2 (CFRA)

86. Plaintiff incorporates by reference each and every allegation contained in all of the paragraphs above as though fully set forth here.

87. Defendant Legends Hospitality, LLC is an employer covered by the California Family Rights Act (CFRA) as defined in California Government Code § 12945.2.

88. On information and belief, Plaintiff was an eligible employee under the California Family Rights Act, having been employed by Defendant since August 10, 2021, and having worked more than 1,250 hours in the 12-month period preceding her leave.

89. Plaintiff exercised her right to take medical leave for a qualifying CFRA purpose, specifically to address her own serious health condition involving her left knee. Plaintiff's medical leave began on or around April 17, 2023, and extended through March 25, 2024.

— 14 —

90.    Defendant subjected Plaintiff to adverse employment actions, including denying her promotion to Supervisor and ultimately terminating her employment upon her attempt to return to work following her protected medical leave.

91.    Plaintiff′s exercise of her right to take protected medical leave under CFRA was a substantial motivating reason for Defendant′s decision to deny her promotion and terminate her employment.

92.    Plaintiff was harmed as a result of Defendant′s conduct, which was a substantial factor in causing Plaintiff′s harm.

93.    Economic damages. As a direct and legal result of Defendant′s conduct, Plaintiff has and will suffer special damages for lost earnings and wages from the denied promotion and subsequent termination in an amount not yet fully known, but in excess of the minimum amount of this Court′s jurisdiction.

94.    Non-economic damages. As a direct and legal result of Defendant′s conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

95.    As a direct and proximate result of Defendant′s conduct, as alleged here, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney′s fees and costs of suit, pursuant to Cal. Gov′t Code § 12965(c)(6) as well as other applicable statutes.

96.    Exemplary and punitive damages. In engaging in the foregoing conduct, Defendant acted with malice, oppression, and/or fraud. Defendant′s conduct constituted malice in that Defendant acted with an intent to cause injury, or its conduct was despicable and was done with a willful and knowing disregard of Plaintiff′s rights. Defendant′s conduct constituted oppression in that its conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of her rights. Defendant′s conduct constituted fraud in that Defendant intentionally misrepresented or concealed material facts and did so intending to harm Plaintiff. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.

\\\

\\\

— 15 —

SIXTH CAUSE OF ACTION

Retaliation in Violation of Cal. Lab. Code § 1102.5

97.    Plaintiff incorporates by reference each and every allegation contained in all of the paragraphs above as though fully set forth here.

98.    Plaintiff engaged in protected conduct by disclosing to persons with authority over her, including HR Director Jillisa Easley, Staffing Manager Jasmine Robinson, Regional HR Director LaShawnda Mikhael, and her direct Manager, information regarding what she reasonably believed to be violations of state and federal law.

99.    Specifically, Plaintiff complained to Defendant's management and HR personnel about conduct she reasonably believed violated the Fair Employment and Housing Act, including disability discrimination in violation of Cal. Gov't Code § 12940(a), failure to accommodate in violation of Cal. Gov't Code § 12940(m)(1), and retaliation in violation of Cal. Gov't Code § 12940(h). Plaintiff made these complaints in her emails dated May 29, 2024, June 10, 2024, and June 18, 2024, and during her phone calls with HR Director Easley and her manager on April 18, 2024, and May 24, 2024.

100.    Plaintiff had reasonable cause to believe that the information she disclosed constituted a violation of state and federal statutes, specifically FEHA's prohibitions against disability discrimination, failure to accommodate, and retaliation.

101.    Defendant subjected Plaintiff to adverse employment actions, including denying her promotion to Supervisor on May 24, 2024, and ultimately terminating her employment in February 2025.

102.    Plaintiff's protected disclosure was a contributing factor in Defendant's adverse actions against her. The temporal proximity between Plaintiff's complaints about discriminatory treatment and Defendant's denial of her promotion and subsequent termination demonstrates that her protected activity was a contributing factor to the adverse actions.

103.    Plaintiff was harmed as a result of Defendant's conduct, which was a substantial factor in causing her harm.

104.    The acts and conduct of Defendant, as described herein, constitute acts of unlawful retaliation in violation of Cal. Lab. Code § 1102.5.

— 16 —

COMPLAINT

105. Economic damages. As a direct and legal result of Defendant′s conduct, Plaintiff has and will suffer special damages for lost earnings and wages from the denied promotion and subsequent termination in an amount not yet fully known, but in excess of the minimum amount of this Court′s jurisdiction.

106. Non-economic damages. As a direct and legal result of Defendant′s conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

107. As a direct and proximate result of Defendant′s conduct, as alleged here, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney′s fees and costs of suit, pursuant to Cal. Lab. Code § 1102.5(j) as well as other applicable statutes.

108. Exemplary and punitive damages. In engaging in the foregoing conduct, Defendant acted with malice, oppression, and/or fraud. Defendant′s conduct constituted malice in that Defendant acted with an intent to cause injury, or its conduct was despicable and was done with a willful and knowing disregard of Plaintiff′s rights. Defendant′s conduct constituted oppression in that its conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of her rights. Defendant′s conduct constituted fraud in that Defendant intentionally misrepresented or concealed material facts and did so intending to harm Plaintiff. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.

SEVENTH CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

109. Plaintiff incorporates by reference each and every allegation contained in all of the paragraphs above as though fully set forth here.

110. Plaintiff was Defendant′s employee 2025.

111. Defendant terminated Plaintiff′s employment in or around February 2025.

112. Plaintiff′s termination violated fundamental public policies of the State of California, including but not limited to: (a) the prohibition against disability discrimination as set forth in the Fair Employment and Housing Act, Cal. Gov′t Code § 12940(a); (b) the prohibition against retaliation for requesting reasonable accommodation for a disability as set forth in Cal. Gov′t Code §§ 12940(h),

— 17 —

(m)(2); (c) the prohibition against retaliation for taking protected medical leave as set forth in the California Family Rights Act, Cal. Gov't Code § 12945.2; and (d) the prohibition against retaliation for reporting unlawful activity as set forth in Cal. Lab. Code § 1102.5.

113. Plaintiff was harmed as a result of Defendant's conduct, which was a substantial factor in causing Plaintiff's harm.

114. Economic damages. As a direct and legal result of Defendant's conduct, Plaintiff has and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of the minimum amount of this Court's jurisdiction.

115. Non-economic damages. As a direct and legal result of Defendant's conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

116. Exemplary and punitive damages. Defendant, by its conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights. Defendant occupied a position of trust which gave it power to damage Plaintiff's ability to earn a livelihood. Defendant abused that position of trust by maliciously, fraudulently, and oppressively terminating Plaintiff's employment in violation of fundamental public policies. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial. Defendant's conduct against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

## VI.    Prayer for Relief

Wherefore, Plaintiff seeks judgment against Defendant, as follows:

    a.    For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available;

    b.    For special damages, according to proof on each cause of action for which such damages are available;

    c.    For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available;

    d.    For punitive damages, according to proof on each cause of action for which such

damages are available;

e.    For appropriate permanent injunctive relief, including, but not limited to, that (a) Defendant be required to post visibly in appropriate locations within their business notices explaining to their current employees that they have violated one or more of the laws cited herein (and the nature of such violations); (b) Defendant be required to provide specialized training to their management and employees regarding the laws cited herein; and (c) Defendant be required to discipline the applicable managers and employees who participated in the wrongful acts hereunder;

f.    That Plaintiff recover from Defendant the costs and attorneys' fees incurred in the prosecution of this action, pursuant to Cal. Gov't Code § 12965(c)(6); Cal. Lab. Code § 1102.5(j); and all other applicable statutes and authorities;

g.    For costs of suit incurred in this action;

h.    For such other and further relief and the Court deems proper and just.

## VII.   Demand For Jury Trial

Plaintiff hereby demands a trial by jury on all causes of action alleged herein in the Complaint for Damages.

Dated:    November 19, 2025        Edendale Justice Advocacy, PC

        By:    */s/ Andrew A. Howard*
            Andrew A. Howard

            Attorney for Plaintiff
            Stephanie Fuller

# EXHIBIT B

Andrew L. Smith (SBN 262418)
*Andrew.Smith@jacksonlewis.com*
Serena A. Limas (SBN 358945)
*Serena.Limas@jacksonlewis.com*
JACKSON LEWIS, P.C.
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Tel:  (213) 689-0404
Fax:  (213) 689-0430

Attorneys for Defendants
LEGENDS HOSPITALITY, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/14/2026 7:36 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Grim, Deputy Clerk

## SUPERIOR COURT OF THE STATES OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STEPHANIE FULLER, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEGENDS HOSPITALITY, LLC,<br>Does 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.:  25STCV33924<br><br>[Assigned for All Purposes to Hon. Rupert A. Byrdsong in Department 28]<br><br>**LEGENDS HOSPITALITY, LLC'S ANSWER TO PLAINTIFF STEPHANIE FULLER'S COMPLAINT**<br><br><br>Complaint Filed: November 19, 2025 |

Defendant LEGENDS HOSPITALITY, LLC ("Defendant") answers the unverified Complaint for Damages (the "Complaint") filed by Plaintiff STEPHANIE FULLER ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint and denies that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

LEGENDS HOSPITALITY, LLC'S ANSWER TO PLAINTIFF STEPHANIE FULLER'S COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      Defendant alleges the Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      Defendant alleges the causes of action set forth in the Complaint, and each of them, are barred by the applicable statutes of limitations, including without limitation sections 335.1, 337, 338, 339, 340 and 343 of the California Code of Civil Procedure and sections 12960 and 12965 of the California Government Code.

## THIRD AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

3.      To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery, or her recovery of damages is limited, based on such after-acquired evidence.

## FOURTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

4.      Recovery on Plaintiff's Complaint is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any event for legitimate, non-discriminatory and non-retaliatory business reasons. *See Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

5.      Plaintiff's causes of action asserted under the California Fair Employment & Housing Act (the "FEHA") are barred to the extent that Plaintiff did not file a complaint with the California Department of Fair Employment & Housing and/or receive a right to sue letter as to the specific acts of discrimination sued upon, and thus failed to exhaust her administrative remedies under the FEHA.

LEGENDS HOSPITALITY, LLC'S ANSWER TO PLAINTIFF STEPHANIE FULLER'S COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

6.     To the extent Plaintiff alleges violations of the FEHA, which alleged violations Defendant denies, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine.  Defendant took reasonable steps to prevent and correct workplace discrimination, Plaintiff unreasonably failed to utilize such available preventive and corrective measures, and reasonable use of such preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered.  *See State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

## SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

7.     Defendant alleges that the conduct by Defendant was at all times lawful, justified and/or privileged under California law and for valid, legitimate business reasons.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

8.     Defendant exercised reasonable care to prevent and correct promptly any and all alleged discriminatory behavior in that Defendant at all relevant times had written policies prohibiting discrimination that were communicated to all employees and strictly enforced.

## NINTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

9.     Recovery for any damages Plaintiff allegedly sustained as a result of any action by a management employee of Defendant is barred by the doctrine of managerial immunity.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

10.     Defendant alleges that even if Plaintiff has suffered damages or injuries, all or some portion of such damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate the alleged injuries or damages.

LEGENDS HOSPITALITY, LLC'S ANSWER TO PLAINTIFF STEPHANIE FULLER'S COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands and Estoppel)

11.     Defendant alleges that Plaintiff is barred from any relief by the equitable doctrines of unclean hands and estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

12.     Defendant alleges that it is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

13.     Defendant alleges that the causes of action asserted in Plaintiff's Complaint are barred to the extent that the actions or failure to act by Plaintiff contributed entirely, or at least in some degree, to her alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

14.     Defendant alleges Plaintiff has no basis for claiming malice, oppression or fraud or any other basis needed to seek punitive damages under the requirements of California Civil Code § 3294.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

15.     Defendant engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action and is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure §128.7 and California Government Code §12965 upon judgment thereon in Defendant's favor.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

16.     To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusive

remedy provisions of the California Workers' Compensation Act, Labor Code § 3200, *et seq.*

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

17. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred to the extent that accommodation of Plaintiff's alleged disability would have imposed an undue hardship upon Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

18. The Complaint is barred, in whole or in part, because Plaintiff was guilty of laches and unreasonable delay in bringing this action asserting any claim for relief against Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

19. Prior to the filing of Plaintiff's Complaint, Defendant was unaware of any of the conducts alleged in the Complaint and have not ratified, condoned or adopted any such alleged unlawful conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Claim Preclusion/Res Judicata)

20. The Complaint is barred, in whole or in part, by the doctrine of claim preclusion/res judicata.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Entitlement to Punitive Damages)

21. Plaintiff is precluded from recovering exemplary or punitive damages from Defendant under the applicable provisions of law. Specifically, California Civil Code section 3294 precludes Plaintiff from recovering exemplary or punitive damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression, and/or fraud.

/ / /

/ / /

/ / /

/ / /

LEGENDS HOSPITALITY, LLC'S ANSWER TO PLAINTIFF STEPHANIE FULLER'S COMPLAINT

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Privileged, Good Faith, and Justified Conduct)**

22.    The Complaint is barred, in whole or in part, because Defendant's conduct was privileged and/or justified under California law and occurred in good faith based upon good cause and for valid business reasons.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Managerial Immunity)**

23    The Complaint is barred, in whole or in part, because recovery for any injuries Plaintiff allegedly sustained as a result of any action by Defendant or any other management employee of Defendant is barred by the doctrine of managerial immunity.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Exercise of Reasonable Care)**

24.    The Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

25.    Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of damages, including punitive damages, to the extent any such act is found, recovery of damages against Defendant is unconstitutional under numerous provisions of the United States Constitution, including the Excessive Fines Clause of the Eight Amendment and the Due Process clauses of the Fifth Amendment, as well as numerous provisions of the California Constitution including the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I, and the Self-Incrimination Clause of Section 15 of Article I.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Business Necessity/Job Related)**

26.    The Complaint is barred, in whole or in part, because Defendant's conduct was justified by business necessity in that the purpose of the employment action at issue is reasonably necessary to the operation of Defendant's business.

LEGENDS HOSPITALITY, LLC'S ANSWER TO PLAINTIFF STEPHANIE FULLER'S COMPLAINT

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Lack of Ordinary Care)

27.     The Complaint is barred, in whole or in part, by California Labor Code §§ 2854 and 2856, in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of his employer.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Failure to Prevent Where No Discrimination Occurred)

28.     Plaintiff's claim for failure to prevent discrimination and/or harassment is barred and/or any recovery of damages is precluded to the extent Plaintiff cannot establish underlying discrimination and/or harassment. *Trujillo v. N. County Transit Dist.* (1998) 63 Cal. App. 4th 280.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

29.     Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because Defendant's conduct was not willful.

## THIRTY AFFIRMATIVE DEFENSE

### (At-Will Employment)

30.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff was employed at will pursuant to California Labor Code section 2922.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Fault of Others)

31.     Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred in whole or in part because the alleged damages were actually or proximately caused by other individuals or entities for whom Defendant is not legally responsible.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Third Party Conduct/Superseding Cause)

32.     Plaintiff's claims are barred in whole or in part because of the later misconduct of third parties, and Defendant is not responsible for the harm alleged.

LEGENDS HOSPITALITY, LLC'S ANSWER TO PLAINTIFF STEPHANIE FULLER'S COMPLAINT

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Alternative Causation)

33.    Plaintiff's claims are barred in whole or in part because Defendant is not the actual cause of the harm alleged.

### RESERVATION OF RIGHTS

35.    Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable.  Accordingly, Defendant reserves the right to seek leave to amend or add additional affirmative defenses that later may become known to Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing herein;

2.    That the action be dismissed in its entirety and/or judgment be entered in Defendant's favor against Plaintiff;

3.    For reasonable attorneys' fees pursuant to California Government Code § 12965;

4.    For costs of suit herein; and

5.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  January 14, 2026          JACKSON LEWIS, P.C.

By:  _____

Andrew L. Smith
Serena A. Limas

Attorneys for Defendant
LEGENDS HOSPITALITY, LLC

8

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NAME:**        **STEPHANIE FULLER V. LEGENDS HOSPITALITY, LLC**

**CASE NUMBER:**    **25STCV33924**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2800, Los Angeles, California 90017.

On **January 14, 2026,** I served the documents described as:

**LEGENDS HOSPITALITY, LLC'S ANSWER TO PLAINTIFF
STEPHANIE FULLER'S COMPLAINT**

in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

| |
|---|
| **Edendale Justice Advocacy, PC**<br>Andrew A. Howard, Esq.<br>1920 Hillhurst Avenue, #400<br>Los Angeles, CA 90027<br>Tel: (310) 894-6109<br><br>Email:  *ahoward@edendalejustice.com*<br><br>*Attorney for Plaintiff, Stephanie Fuller* | |

**[X]**    **BY E-MAIL OR ELECTRONIC TRANSMISSION**: I caused the document(s) described above to be sent from e-mail address Irene.Miranda@jacksonlewis.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

**[X]**    **BY UNITED STATES MAIL:**  I enclosed the documents in a sealed envelope or package addressed to the persons listed. I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope with postage fully prepaid.

**[X]**    **STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 14, 2026**, at Los Angeles, California.

*/s/ Irene Miranda*
IRENE MIRANDA

9

LEGENDS HOSPITALITY, LLC'S ANSWER TO PLAINTIFF STEPHANIE FULLER'S COMPLAINT

# EXHIBIT C

Andrew L. Smith (SBN 262418)
*Andrew.Smith@jacksonlewis.com*
Serena A. Limas (SBN 358945)
*Serena.Limas@jacksonlewis.com*
JACKSON LEWIS, P.C.
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Tel:   (213) 689-0404
Fax:   (213) 689-0430

Attorneys for Defendants
LEGENDS HOSPITALITY, LLC

Andrew A. Howard (SBN 335752)
*ahoward@edendalejustice.com*
EDENDALE JUSTICE ADVOCACY, PC
1920 Hillhurst Avenue, #400
Los Angeles, California 90027
Tel:   (310) 894-6109

Attorney for Plaintiff
STEPHANIE FULLER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE FULLER, an individual,<br><br>               Plaintiff,<br><br>       v.<br><br>LEGENDS HOSPITALITY, LLC,<br>DOES 1 THROUGH 10, inclusive,<br><br>               Defendants. | **CASE NO.:**<br><br>**STIPULATION REGARDING PLAINTIFF STEPHANIE FULLER'S DAMAGES FOR PURPOSES OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff STEPHANIE FULLER ("Plaintiff") and Defendant LEGENDS HOSPITALITY LLC ("Defendant" and together with Plaintiff, the "Parties"), by and through their respective attorneys of record, hereby stipulate and agree as follows:

WHEREAS, on November 19, 2025, Plaintiff filed a civil complaint in the above-titled court against Defendant entitled *Stephanie Fuller v. Legends Hospitality LLC*, Case No. 25STCV33924, thereby initiating the instant lawsuit ("Action"). In the Action, Plaintiff asserts the following seven (7) employment-related causes of action: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"), (2) FEHA Retaliation, (3) Failure to Accommodate in Violation of FEHA, (4) Failure to Prevent Discrimination and Retaliation in Violation of FEHA, (5) Retaliation in Violation of California Family Rights Act (CFRA), (6) Retaliation in Violation of California Labor Code section 1102.5, and (7) Wrongful Termination in Violation of Public Policy.

WHEREAS, on January 14, 2026, Defendant served its Request For Statement Of Damages Pursuant To California Code of Civil Procedure § 425.11, because the Complaint does not plead damages with specificity. Plaintiff provided an objection only response to the Request For Statement Of Damages, citing the procedural inapplicability of the request to employment matters.

WHEREAS, on March 17, 2026, the Parties met and conferred regarding the status of discovery, the procedural posture of the matter, and the amount in controversy for purposes of removal.

WHEREAS, on March 18, 2026, the Parties agreed to stipulate, that the amount in controversy alleged in this Action exceeds $75,000.

///

///

2

STIPULATION REGARDING PLAINTIFF STEPHANIE FULLER'S DAMAGES FOR PURPOSES OF REMOVAL

**IT IS HEREBY STIPULATED AND AGREED TO**, by and between the Parties, through their respective undersigned counsel, as follows:

1. The amount in controversy in the Action exceeds $75,000.

This Stipulation may be executed in counterparts, and signatures transmitted via facsimile or electronic mail shall be deemed to be original signatures for filing purposes.

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED:  April 15, 2026          JACKSON LEWIS, P.C.

By:   */s/ Andrew L. Smith*
        Andrew L. Smith
        Serena A. Limas

        Attorneys for Defendant
        LEGENDS HOSPITALITY, LLC

DATED: April 15, 2026          EDENDALE JUSTICE ADVOCACY, PC

By:   */s/ Andrew A. Howard*
        Andrew A. Howard

        Attorney for Plaintiff
        STEPHANIE FULLER

STIPULATION REGARDING PLAINTIFF STEPHANIE FULLER'S DAMAGES FOR PURPOSES OF REMOVAL

## <u>SIGNATURE CERTIFICATION</u>

Pursuant to Local Rule 5-4.3.4(a)(2)(i) of the United States District Court, Central District of California, I, Andrew L. Smith, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized filing.


DATED:  April 15, 2026                    JACKSON LEWIS, P.C.


                                    By:    */s/ Andrew L. Smith*
                                           Andrew L. Smith
                                           Serena A. Limas

                                           Attorneys for Defendant
                                           LEGENDS HOSPITALITY, LLC

4935-2251-6894, v. 1

STIPULATION REGARDING PLAINTIFF STEPHANIE FULLER'S DAMAGES FOR PURPOSES OF REMOVAL

# EXHIBIT D

**Department of State: Division of Corporations**

Allowable Characters

**HOME**

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | **4602176** | Incorporation Date / Formation Date: | **9/19/2008** (mm/dd/yyyy) |
| Entity Name: | **LEGENDS HOSPITALITY, LLC** | | |
| Entity Kind: | **Limited Liability Company** | Entity Type: | **General** |
| Residency: | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | **CORPORATION SERVICE COMPANY** | | |
| Address: | **251 LITTLE FALLS DRIVE** | | |
| City: | **WILMINGTON** | County: | **New Castle** |
| State: | **DE** | Postal Code: | **19808** |
| Phone: | **302-636-5401** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or
more detailed information including current franchise tax assessment, current filing history
and more for a fee of $20.00.
Would you like ○ Status ○ Status,Tax & History Information

Submit

New Entity Search

For help on a particular field click on the Field Tag to take you to the help area.

site map   |   privacy   |   about this site   |   contact us   |   translate   |   delaware.gov