JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE FULLER,<br><br>                  Plaintiff,<br><br>        v.<br><br>LEGENDS HOSPITALITY, LLC, *et al.*,<br><br>                  Defendants. | Case No. 2:26-cv-04028-FLA (SSCx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## **RULING**

On November 19, 2025, Plaintiff Stephanie Fuller ("Plaintiff") initiated this action against Defendant Legends Hospitality, LLC ("Defendant") in the Los Angeles County Superior Court, Case No. 25STCV33924.  Dkt. 1-2 at 2–20 ("Compl.").[1]  The Complaint alleges seven causes of action: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to accommodate in violation of FEHA; (4) failure to prevent discrimination and retaliation in violation of FEHA; (5) retaliation in violation of Cal. Gov't Code § 12945.2; (6) retaliation in violation of Cal. Lab. Code § 1102.5; and (7) wrongful termination.  *See generally id.*  Plaintiff prays for general damages, special damages, compensatory damages, punitive damages, injunctive relief, attorney's fees, and costs.  *Id.* at 19–20.

On April 15, 2026, Defendant removed the action to this court based on alleged diversity jurisdiction.  Dkt. 1.  In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and complete diversity exists between the parties.  *Id.* at 1.  On April 28, 2026, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy ("Order to Show Cause").  Dkt. 10.  Both Plaintiff and Defendant filed responses.  Dkt. 11 ("Pl. Resp."); Dkt. 13 ("Def. Resp.").

Having reviewed the Notice of Removal and the responses to this court's Order to Show Cause, and for the reasons stated herein, the court finds Defendant fails to establish subject matter jurisdiction and REMANDS the action to the Los Angeles County Superior Court.

/ / /

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

## **DISCUSSION**

**I.      Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. CONST. art. III, § 2, cl. 1.  Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

**II.     Analysis**

As the Complaint does not set forth a specific amount of damages, the amount in controversy cannot be determined on the face of the pleading. *See generally* Compl.  Defendant contends the jurisdictional minimum is met because Plaintiff stipulated that her damages exceed $75,000.  Dkt. 1 at 4; *see* Def. Resp. at 3.  Defendant attached the stipulation to the Notice of Removal, in which the parties

stipulate that "[t]he amount in controversy in the [a]ction exceeds $75,000." *See* Dkt. 1-2 at 32–34.  Plaintiff otherwise "takes no position as to removal."  Pl. Resp. at 2.

The Ninth Circuit has held that a plaintiff's "concession of diversity jurisdiction … is strong evidence that the amount in controversy exceeds $75,000." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).  However, "litigants cannot stipulate to subject matter jurisdiction where it does not otherwise exist," and a plaintiff's concession of jurisdiction must be "done in good faith." *Id.* (*citing Janakes v. U.S. Postal Servs.*, 768 F.2d 1091, 1095 (9th Cir. 1985)).  "The court, therefore, need not adopt the parties' stipulation regarding jurisdiction without further scrutiny. Rather, the court must review the parties' allegations regarding the amount in controversy to determine if Plaintiff's concession of jurisdiction is made in good faith, when considering the allegations in the record." *Eaton v. Dollar Tree, Inc.*, Case No. 2:23-cv-10094-FLA (MARx), 2024 WL 345461, at *1 (C.D. Cal. Jan. 30, 2024).  For the following reasons, the court concludes the parties' allegations do not demonstrate the amount in controversy requirement is met here.

The parties' stipulation does not provide any facts to explain how Plaintiff determined her damages exceed $75,000.  Moreover, Defendant provides no amounts for the various categories of damages Plaintiff prays for. *See generally* Def. Resp.  A removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).  In relying entirely on the stipulation regarding damages, Defendant offers no evidence and, thus, fails to carry its burden.  Without more, the court is unable to ascertain whether the amount in controversy exceeds $75,000.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not met its burden to demonstrate the amount in

4

controversy meets the jurisdictional threshold by a preponderance of the evidence, as required for diversity jurisdiction.  *See* 28 U.S.C. § 1332.

**CONCLUSION**

For the foregoing reasons, the court finds Defendant has failed to demonstrate the amount in controversy exceeds $75,000.  The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 25STCV33924.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: July 6, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge